UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDA EBELING                                    CIVIL ACTION

versus                                           NO.  08-4619

SCOTTSDALE INSURANCE COMPANY ET AL               SECTION: E/4

## ORDER AND REASONS

Plaintiff Linda Ebeling ("Ebeling") filed a motion to remand this case to the Civil District Court for the Parish of Orleans (record document #5). Defendant Scottsdale Insurance Company ("Scottsdale") opposes the motion.  The motion was considered on the briefs.  For the reasons the reasons that follow, the motion is GRANTED.

## BACKGROUND

This matter was previously before this Court as Case No. 06-6878.  Ebeling owns several commercial and rental properties in New Orleans that were significantly damaged by Hurricane Katrina in August 2005.  The properties were insured by a Commercial Property and General Liability insurance policy issued by Scottsdale, purchased through Burns & Wilcox of LA, Ltd. (a wholesale insurance broker authorized to perform quoting, binding and policy issuance services to designated producers in accordance with Scottsdale's underwriting rules, policies and procedures) and defendant Botsay Insurance Network, Inc.,

("Botsay")(a retail producer that deals directly with Burns on behalf of its customers).  Dissatisfied with Scottsdale's response to the damage claims, Ebeling filed suit in Civil District Court for the Parish of Orleans in September 2006. The Petition identifies Ebeling as a "resident of Harris County, State of Texas"[1]; defendant Scottsdale as a "foreign insurance corporation"; and, both defendants Burns and Botsay as Louisiana corporations.  Scottsdale timely removed the suit to federal court based on diversity jurisdiction.  R.d. #1 (CA No. 06-6878). Ebeling responded with a motion to remand.  R.d. #10 (CA No. 06-6878).  Defendants Scottsdale and Burns opposed arguing that the "non-diverse" defendants were fraudulently joined to defeat diversity jurisdiction.  Burns also filed a Rule 12(b)(6) motion to dismiss.  R.d. #14 (CA No. 06-6878).

In its analysis of Ebeling's motion to remand, the Court considered only the allegation of improper joinder of Botsay[2]. Botsay did not file an opposition to Ebeling's motion to remand; there was no evidence in the record that Botsay had been served with process, and no attorney had made an appearance on behalf of

---

[1]According to the pleadings, both parties acknowledge that Ebeling resides in both Louisiana and Texas.

[2]Even if defendant Burns were to be dismissed, defendant Botsay's presence still destroyed complete diversity unless the removing party could show that Botsay was improperly joined.

Botsay.[3]  The Court found that the evidence presented by

Scottsdale and Burns in support of their claims that federal

diversity jurisdiction was present did not address the

relationship between Ebeling and Botsay nor the allegations

against Botsay in Ebeling's Petition.[4]  Resolving ambiguities and

disputed allegations in favor of the non-removing party, the

Court found that at a bare minimum the allegations state a claim

against Botsay under Louisiana law, and that from the allegations

in the complaint and the evidence before it the Court could not

determine whether Ebeling's claims against Botsay are perempted

pursuant to La.R.S. 9:5606(A).[5]  On January 24, 2007, the Court

entered an Order remanding that case to the Civil District Court

for the Parish of Orleans for lack of diversity jurisdiction.

R.d. #33 (CA No. 06-6878).

After nearly eighteen months of litigation in state court,

during which time, according to Scottsdale's Opposition, Ebeling

directed no discovery to Botsay and Botsay did not actively

defend the lawsuit, Scottsdale finally propounded discovery to

Botsay in June 2008.  Upon receipt of Botsay's discovery

responses on October 6, 2008, Scottsdale again removed the case

to federal court based on diversity jurisdiction alleging that

---

[3]See r.d. #33, CA No. 06-6878, p. 2, n.3.

[4]Id., at p.6.

[5]Id.

Botsay was improperly joined.  Ebeling again responded with a
motion to remand, arguing that this second removal is improper
and untimely pursuant to 28 U.S.C. § 1446(b), and is an attempt
to improperly revisit this Court's previous Order of Remand.

### ANALYSIS

A civil action filed in a state court may generally be
removed if the federal court has original jurisdiction.  28
U.S.C. §1441(a).  Statutes conferring removal jurisdiction are
strictly construed in favor of remand.  Shamrock Oil & Gas Corp.
v. Sheets, 61 S.Ct. 868 (1941); Manguno v. Prudential Property
and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
Jurisdiction is fixed at the time of removal, and the
jurisdictional facts supporting removal are examined as of the
time of removal.  Gebbia v. Walmart Stores, Inc., 223 F.3d 880,
883 (5th Cir. 2000).  The burden is on the removing party to show
that federal jurisdiction exists and that removal was proper.  De
Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).
Doubts or ambiguities regarding removal are to be construed
against removal and in favor of remand.  Manguno, 276 F.3d at
723.

This matter involves the second removal of the same matter
after a prior remand.  The Fifth Circuit has recognized a
defendant's right to seek subsequent removal after remand.
S.W.S. Erectors, Inc., v. Infax, Inc., 72 F.3d 489, 492 (5th Cir.

1996), *citing* <u>Browning v. Navarro</u>, 743 F.2d 1069, 1079-80 n. 29

(5th Cir. 1984).

> As a general rule, once a case is remanded to
> state court, a defendant is precluded only
> from seeking a second removal *on the same*
> *ground.*  The prohibition against removal "on
> the same ground" does not concern the theory
> on which federal jurisdiction exists (i.e.
> federal question or diversity jurisdiction),
> but rather the pleading or event that made
> the case removable.

<u>S.W.S. Erectors, Inc.</u>, 72 F.3d at 492-493 (citations and

footnotes omitted).

    The procedure for removal is set out at 28 U.S.C. §1446.

Section 1446(b) addresses when an action is removable:

> The notice of removal of a civil action
> or proceeding shall be filed within thirty
> days after the receipt by the defendant,
> through service or otherwise, of a copy of
> the initial pleading setting forth the claim
> for relief upon which such action or
> proceeding is based, or within thirty days
> after the service of summons upon the
> defendant if such initial pleading has then
> been filed in court and is not required to be
> served on the defendant, whichever period is
> shorter.
>
> If the case stated by the initial
> pleading is not removable, a notice of
> removal may be filed within thirty days after
> receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it
> may first be ascertained that the case is one
> which is or has become removable, except that
> a case may not be removed on the basis of
> jurisdiction conferred by section 1332 of
> this title more than one year after
> commencement of the action.

Scottsdale argues that the discovery responses it received from Botsay on October 6, 2008, are "other paper" received after the initial pleading within the meaning of section 1446(b).[6]  It argues first that the "other paper" provision of paragraph two of § 1446(b) applies to revive or reset the thirty day period within which a case may be removed under paragraph one, and then argues that the one year limitation on diversity removals in paragraph two applies only to paragraph two removals and does not bar this removal effected over two years after the case was removed under paragraph one when it was initially filed.  While Scottsdale's argument is creative, it is also unavailing.

Scottsdale acknowledges that the matter was initially removable when the petition was first filed in state court in August 2006 pursuant to paragraph one of § 1446(b).  Scottsdale also acknowledges that it timely removed the lawsuit to federal court on September 29, 2006, and that this Court remanded for lack of diversity jurisdiction because the removing party failed to show that one non-diverse defendant, Botsay, was improperly joined.  Scottsdale cites to <u>Johnson v. Heublien, Inc.</u> 227 F.3d 236 (5th Cir. 2000) in support of its argument that receipt of the "other paper" revived its thirty-day window to remove the matter, and <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423 (5th Cir. 2003) in support of its argument that it is entitled to an

---

[6]See r.d. #1, Petition for Removal, ¶¶ 3, 4 & 8; Opposition, r.d. #6.

equitable exception to the thirty-day limit of paragraph one.

Neither case is applicable to the facts of this case.

In Johnson, the Fifth Circuit explained the "revival

exception" as follows:

> The revival exception provides that a
> lapsed right to remove an initially removable
> case within thirty days is restored when the
> complaint is amended so substantially as to
> alter the character of the action and
> constitute essentially a new lawsuit.

Johnson, 327 F.3d at 241.  Ebeling has done nothing to alter the

character of the action since it was initially filed.  Scottsdale

complains that after remand, she failed to actively litigate against

Botsay and that Botsay did not file any motions or engage in

discovery.  However, it does not allege that Ebeling or Botsay in

any way prevented Scottsdale from initiating discovery from Botsay

at any time, or that Ebeling deceived Scottsdale regarding the

character of her action, or substantially altered the character of

her action.  The "revival exception" is not available to Scottsdale.

In Tedford, the Fifth Circuit specifically addressed only the

application of the one year limitation on diversity removals in

paragraph two of § 1446(b).  Tedford, 327 F.3d at 425.  The Fifth

Circuit explained that the time limit for removal is not

jurisdictional but merely modal and formal and may be waived. Id.,

426, *quoting* Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.

1983). It recognized an "equitable exception" in the form of

estoppel to that one year limitation when a plaintiff has engaged

in forum manipulation, such as adding and dismissing or non-suiting parties to circumvent federal diversity jurisdiction. Id., 426-427. Moreover, in New York Life Insurance Company v. Deshotel, 142 F.3d 873 (5th Cir. 1998), the Fifth Circuit held that the phrase stipulating a one year limitation on diversity removals applies "only to the second paragraph of that section, *i.e.* only to cases that are not initially removable". Id., at 886.

Scottsdale has not pointed to any forum manipulation activity on the part of Ebeling. It is not entitled to an equitable exception to the one year limitation on removal in paragraph two of § 1446(b). Indeed, as Scottsdale has acknowledged, paragraph one is applicable in this case and therefore the Tedford case and its holding is inapplicable.

### CONCLUSION

In Wilson v. Intercollegiate (Big Ten) Conference A. A., 668 F.2d 962 (7th Cir. 1982), *cert denied*, 103 S.Ct. 70 (10/04/82), cited favorably by the Fifth Circuit in Johnson, the Seventh Circuit instructed:

> The purpose of the 30-day limit is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

-8-

<u>Wilson</u>, 668 F.2d at 965.

Both circumstances identified in <u>Wilson</u> apply in this matter. Scottsdale initially removed this matter in 2006 based on improper joinder of both non-diverse defendants.  At that time, Scottsdale failed to meet its burden of demonstrating that defendant Botsay was improperly joined and diversity jurisdiction existed.  Its second removal was based on the same ground – the alleged improper joinder of Botsay.  Scottsdale is not entitled to a second bite at the apple simply because, after nearly two years of litigation in state court which may or may not be going advantageously to it, Scottsdale belatedly requested discovery from Botsay and learned what it could have learned two years ago.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand, record document #5, is **GRANTED,** and the captioned matter, C.A. 08-4619, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, November 19, 2008.

**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge